IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AZIKIWE DAVIS,<br><br>    Plaintiff,<br><br> v.<br><br>TONNEETT KING,<br><br>    Defendant. | Civil No. 22-2892 (RMB/AMD)<br><br>**OPINION** |

**BUMB**, U.S. District Judge

  This matter comes before the Court upon the filing of a complaint and an application to proceed in forma pauperis ("IFP") by Plaintiff Azikiwe Davis ("Plaintiff"). [Docket Nos. 1, 1-2.] For the reasons stated herein, the Court will grant Plaintiff's application to proceed IFP, but will dismiss Plaintiff's complaint for lack of federal subject matter jurisdiction, without prejudice.

**I. BACKGROUND**

  Plaintiff initiated the present lawsuit claiming that he was falsely imprisoned and wrongfully charged for weapon possession. [Docket No. 1, at 4.] Plaintiff alleges that Defendant Tonneett King ("Defendant"), the mother of his child, "put a restraining order on me because I didn't sign over my right[s] to my son . . . lied to the family court . . . [and] told them I had guns[,] bullet proof vests[,] and other artilleries." [*Id.* at 3.] Plaintiff alleges that he was unlawfully arrested and imprisoned

after a physical altercation ensued between him and Defendant during a period when Defendant's restraining order against the Plaintiff was in effect. [*Id.*]

## II. DISCUSSION

### A. IFP Application

Under 28 U.S.C. § 1915(a), an applicant to proceed IFP must submit an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. 28 U.S.C. § 1915(a); *Roy v. Penn. Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1, n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision to grant or deny an IFP application is based solely upon the economic eligibility of the applicant. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976). In his IFP application, Plaintiff indicates that he is currently unemployed, has been unemployed for the past two (2) years, and has no assets. [Docket No. 1-2, at 1–5.] Thus, the Court finds that Plaintiff established that he qualifies for permission to proceed IFP as he lacks the financial ability to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

### B. Subject Matter Jurisdiction

The Court has an independent obligation to satisfy itself of its subject matter jurisdiction, and the Court "always has jurisdiction to determine its [own] jurisdiction." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (*citing United States v. Ruiz*, 536 U.S. 622, 628 (2002)). "A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens

of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (*citing* 28 U.S.C. §§ 1331, 1332(a)).

In the Complaint, Plaintiff only asserts that the Court has federal question jurisdiction over his claims. [Docket No. 1, at 2.] Plaintiff does not assert that the Court has subject matter jurisdiction under a theory of diversity of citizenship, and Plaintiff has not pled which state(s) he and Plaintiff are citizens of to assert any such theory. [*Id.* at 2–3.] Plaintiff also fails to indicate which of his Constitutional, statutory, treaty or other federal rights is at issue. [*Id.*] To be sure, "[f]ederal question jurisdiction exists only if a federal question is presented on the face of the complaint." *Rockefeller*, 424 F. App'x at 83.

The Court finds that Plaintiff's allegations of false imprisonment squarely concern a state law cause of action, and that the Complaint fails to present any federal question. *See* N.J. Stat. Ann. § 2C:13-3 (West). In the event that Plaintiff believes that he is able to establish this Court's subject matter jurisdiction, he shall refile a complaint with this Court that clearly sets forth the basis for the Court's subject matter jurisdiction, including which federal right he is asserting (if asserting federal question jurisdiction), or setting forth the requirements of diversity of citizenship (if asserting diversity of citizenship jurisdiction).

### III. CONCLUSION

For the reasons stated above, the Court shall dismiss Plaintiff's Complaint [Docket No. 1], without prejudice. An accompanying Order as of today's date shall issue.

<u>May 26, 2022</u>                            <u>s/Renée Marie Bumb</u>
Date                                            Renée Marie Bumb
                                                        U.S. District Judge